UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WINIFRED NELSON,                     )<br>                                      )<br>            Plaintiff,                )<br>                                      )<br>       v.                             )<br>                                      )<br>MICHAEL J. ASTRUE,                    )<br>Commissioner of Social                )<br>Security,                             )<br>                                      )<br>            Defendant.                ) | No. CV 12-04552-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

   Plaintiff raises the following issues:

   1.   Whether the Administrative Law Judge's ("ALJ") Residual

|   |   |
|---|---|
| 1 | Functional Capacity ("RFC") assessment is supported by |
| 2 | substantial evidence; and |
| 3 | 2. Whether the ALJ's credibility determination is supported by |
| 4 | substantial evidence. |

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT ERR IN ASSESSING PLAINTIFF'S**

**RESIDUAL FUNCTIONAL CAPACITY**

In Plaintiff's first issue, she contends that the ALJ erred in assessing her RFC, which he determined included the ability to perform light work with certain exertional and non-exertional restrictions. (AR 17.)  In reaching this conclusion, the ALJ followed the five-step sequential evaluation process (AR 14-15), and determined at Step Two that Plaintiff's severe impairments are Type II diabetes mellitus, sleep apnea, obesity and arthritis. (AR 15.)

Plaintiff contends that there was inadequate consideration given to degenerative changes in her lumbar spine; shortness of breath on exertion; and whether her obesity has contributed to her back pain and shortness of breath. (JS at 4.)  Conceding that the ALJ found Plaintiff has obesity as a severe impairment, she nevertheless contends that he failed to properly assess the effects of obesity on her ability to work. (Id.)

Plaintiff notes that there is no longer a Listing Level

Impairment for obesity. Rather, the administrative requirements are set out in Social Security Ruling ("SSR") 02-01p, cited at JS 5. Essentially, SSR 02-01p notes that obesity can cause limitation of function in certain cases, and an assessment should be made of the effect of obesity upon an individual's ability to perform physical activities.

Without question, the ALJ acknowledged Plaintiff's obesity, not only at Step Two, but also by interpreting her medical records which demonstrate that obesity contributed to her back pain. (AR 16, citing Plaintiff's treatment records from Kaiser, at AR 166-196.) In particular, with regard to her back pain, the ALJ's assessment was that Plaintiff has degenerative changes in the lumbar area without central or neural foraminal stenosis, and further noted that Plaintiff's back impairment has not been considered significantly severe as to justify an MRI. (AR 16.) Although the parties do not cite any Ninth Circuit authority, the Court has reviewed the leading cases, Celaya v. Halter, 332 F.3d 1177 (9th Cir. 2003), and Burch v. Barnhart, 400 F.3d 676 (9th Cir. 2005). The facts of Plaintiff's case are very close to those cited by the Circuit's Opinion in Burch. The appellate court noted that, "Here, the record does not indicate that Burch's obesity exacerbated her other impairments (other than possibly her back pain)." (Id. at 682.) Similarly, the ALJ acknowledged here that Plaintiff's obesity may have contributed to or exacerbated her existing back pain as shown in her treatment records. Those treatments records indicate that Plaintiff was prescribed spine-oriented exercises, as reflected in a Progress Note of October 21, 2008. (AR 171.) At AR 171, it was noted that Plaintiff reports doing pool exercise and moves boxes at her mother's house. She was

3

instructed on a home exercise program which included lat pulls, scap pinches, shoulder circles, seated low back stretch, abdominal isometrics while seated, ball exercises while seated, leg lifts, and pelvic tilt and circles. (AR 172.)

Reports of a physical examination contained in Plaintiff's treatment records indicate that she is obese but in no acute distress; has normal gait and is able to walk on her toes and heels; that her lower spine range of motion is slightly decreased in flexion; negative straight leg raising tests; negative femoral stretch; negative Patrick sign; negative S-1 compression; negative tenderness; no spasm; sensation normal; and motor strength 5/5. (AR 178.)

The ALJ also gave "significant weight" (AR 17) to the conclusions of two State Agency physicians who reviewed all of these medical records, who both concluded that Plaintiff could perform a range of light work. (AR 201-02, 553-54.) As non-examining physicians, these State Agency physicians' opinions may be accorded significant weight. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

As against all of this, Plaintiff makes primarily conclusory arguments that her obesity has contributed not only to her back pain but also to her shortness of breath. (JS at 4.) While the former is not only documented by Plaintiff's medical records, but was fully considered by the ALJ, the latter does not appear to be a medically supported opinion which can be found anywhere in Plaintiff's treatment records. Plaintiff does not contend that she has met equivalence to a Listing Level Impairment at Step Three. Instead, as the Court has noted, her claim is that the ALJ did not adequately address the effects of her obesity on other documented medical conditions. That conclusion, however, is simply not supported by the ALJ's explicit

4

evaluation of the record. Consequently, the Court finds no merit in Plaintiff's first issue.

## II

## **THE ALJ'S CREDIBILITY DETERMINATION**

## **IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

In Plaintiff's second issue, she contends the ALJ improperly depreciated her credibility as to subjective symptoms. Specifically, the ALJ found that Plaintiff's statements "are not entirely credible," because her condition is stable; she had lost a significant amount of weight by dieting; her daily activities are inconsistent with her allegations; and she reported that her pain was better. (AR 17.)

Plaintiff focuses on the effects of her sleep apnea, a condition found to be severe as Step Two by the ALJ. (AR 15.) While acknowledging that her condition is stable on a CPAP device, she contends that she still suffers from significant limitations as a result of this impairment (JS at 4, citing AR 265, 353, 527), but a careful examination of the record indicates that most of the limitations which are referenced occurred prior to Plaintiff using a CPAP device. In a sleep study result dated October 16, 2007, it was indicated that Plaintiff slept for six hours while using the CPAP; that her sleep was self-rated as deep; and that she rated her alertness after using the CPAP as "more." She indicated that she would use the CPAP as a form of treatment. (AR 186.) Similar results were obtained from a sleep study conducted two years later on February 25, 2009. (AR 529-30.)

With regard to Plaintiff's daily activities, while she argues that the ALJ cited an isolated reference to the fact that she moved

boxes at her mother's house, the record does reflect a much wider range of normal activities of daily living, which include cooking, cleaning her house, laundry, and helping her husband manage finances, which are properly translatable into an ability to do light work with the restrictions assessed by the ALJ.

The ALJ also noted that Plaintiff's treatment at Kaiser has been conservative for her complaints. (AR 15.)  As the Court has noted with regard to the first issue, Plaintiff was prescribed exercises and was further advised to lose weight, which she in fact did.  As the ALJ noted, at the time of the hearing, Plaintiff weighed less than when she had been remunitively employed.

All in all, considering the well-established credibility evaluation requirements (which the parties properly cite in the JS), the Court cannot find that the ALJ's credibility determination was erroneous.

The decision of the ALJ will be affirmed.  The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: March 15, 2013                /s/
                                     VICTOR B. KENTON
                                     UNITED STATES MAGISTRATE JUDGE